Case 5:10-cv-00551-CLS   Document 9   Filed 05/27/10   Page 1 of 3

FILED
 2010 May-27  PM 04:16
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **MARK E. BENNICK,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Civil Action No. CV-10-S-551-NE |
| **THE BOEING COMPANY,** | ) |
| **Defendant.** | ) |

## MEMORANDUM OF OPINION AND ORDER

This action is before the court on defendant's motion to dismiss.[1]  Upon consideration, and for the reasons discussed below, the motion will be granted. According to the Eleventh Circuit,

> [r]es judicata bars the filing of a claim when the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir.1999).  Generally, if a case arises out of the same "nucleus of operative fact" as a former case, the two cases are the same for res judicata purposes. *Id.* at 1239.

*Singh v. U.S. Atty. Gen.*, 561 F.3d 1275, 1280 (11th Cir. 2009).  This case arises out of the same nucleus of operative facts as the previous case brought before this court by plaintiff, Mark E. Bennick, against defendant, The Boeing Company, in which a

---

[1] *See* doc. no. 6 (defendant's motion to dismiss).

final judgment on the merits was rendered against plaintiff.  *See Bennick v. The Boeing Company*, No. 09-335, doc. no. 12 (N.D. Ala. April 24, 2009).  Specifically, plaintiff's termination from defendant and defendant's communication with plaintiff's subsequent employer, Teledyne Brown Engineering, regarding his alleged substance-abuse problems operate as the factual bases for both actions.  Consequently, "the same cause of action is involved in both cases," and plaintiff's claims in the present suit are barred by the doctrine of *res judicata*.  *Singh*, 561 F.3d at 1280.  *See also O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1355 (11th Cir. 2000) (holding that discrimination claims were barred because they arose from the same employment termination at issue in a prior lawsuit brought under the Family and Medical Leave Act); *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235 (11th Cir 1999) (holding that a retaliation claim under the False Claims Act was barred because it arose from the same nucleus of operative facts at issue in a prior suit brought under the *qui tam* provisions of the False Claim Act).

Although plaintiff asserts a different *reason* for his termination in the present action (retaliation for whistle-blowing), based upon a different federal statute, he is contesting the same termination *decision*.  *Compare O'Connor*, 200 F.3d at 1355 *with Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356-57 (11th Cir. 1998) (finding that *res judicata* did not bar a second suit challenging an employer's hiring

decisions, when those decisions were *different* from the decision challenged in the first action).  Furthermore, although plaintiff asserts a different cause of action against defendant in relation to his termination from Teledyne Brown Engineering, it is still based on defendant's disclosure of his alleged substance abuse problems.

Accordingly, it is ORDERED, ADJUDGED, and DECREED that all claims asserted in this action be, and the same hereby are, dismissed with prejudice.  Costs are taxed to plaintiff.  The clerk is directed to close this file.

DONE and ORDERED this 27th day of May, 2010.

_____
United States District Judge